Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| MARY HAMPTON DAVIS, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:06CV00003 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| ADELPHIA COMMUNICATIONS ) | By: James P. Jones |
| CORPORATION, ET AL., ) | Chief United States District Judge |
| ) | |
| Defendants. | |

*Carl E. McAfee, Carl E. McAfee, P.C., Norton, Virginia, for Plaintiff; Eric W. Schwartz, Troutman Sanders LLP, Virginia Beach, Virginia, for Defendant Metropolitan Life Insurance Company.*

In this ERISA case, the defendant Metropolitan Life Insurance Company ("MetLife") has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, that motion will be denied.[1]

On December 13, 2005, the plaintiff, Mary Hampton Davis, filed suit in the Circuit Court of Wise County, Virginia, against MetLife and other defendants seeking certain life insurance and 401K benefits.

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

MetLife removed the plaintiff's suit to this court on January 18, 2006, pursuant to 28 U.S.C.A. § 1441(a) (West 1994), asserting that the plaintiff's claim arises out of an employee benefit plan governed by Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.A. §§ 1001-1144 (West 1999 & Supp. 2005). MetLife then filed a motion to dismiss the plaintiff's action under Federal Rule of Civil Procedure 12(b)(6), contending that because the plaintiff had raised only state law claims, which are preempted by ERISA, she had failed to state a claim upon which relief can be granted.

A pleading that sets forth a claim for relief shall contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8(a). Although it is common to draft complaints with counts that advance a specific legal rule or theory, nothing in rule 8(a) requires it. "To the contrary, the rules discourage it." *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992). The question is whether relief is possible under any set of facts that are consistent with the allegations. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In this case, although the plaintiff's state pleading does not specifically assert that she seeks to recover under ERISA, she does allege that she is the widow of Gregory Davis, that she was named by him as the primary beneficiary of a group life insurance policy issued by MetLife (Mot. J. ¶¶ 4, 5), that Gregory Davis' children

- 2 -

fraudulently "attempted" a change of beneficiary (*Id.* ¶ 10), and that she is the rightful beneficiary and entitled to the life insurance proceeds. (*Id.* ¶¶ 13, 14.) Because these allegations are adequate to invoke ERISA and notify MetLife of the basis for the plaintiff's claim, the pleading sufficiently states an ERISA claim. *See Vickery v. United Med. Res., Inc.*, 43 F.3d 1208, 1209 (8th Cir. 1994). "When a plaintiff asserts a state claim governed by ERISA, 'a defendant cannot remove an action on the basis that it states a claim under ERISA, and then move to dismiss on the basis that it is preempted by ERISA, the very statute which gave it life.'" *Reisch-Elvin v. Provident Life & Accident Ins. Co.*, 372 F. Supp. 2d 827, 831 (E.D. Va. 2005) (quoting *Ackerman v. Fortis Benefits Ins. Co.*, 254 F. Supp. 2d 792, 815 (S.D. Ohio 2003). Accordingly, I find that the requirements of Rule 8(a) have been satisfied.

For these reasons, it is **ORDERED** that the defendant MetLife's Motion to Dismiss is DENIED.

ENTER: January 22, 2006

/s/ JAMES P. JONES
Chief United States District Judge