Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **MARY HAMPTON DAVIS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:06CV00003 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **ADELPHIA COMMUNICATIONS** | ) | By: James P. Jones |
| **CORPORATION, ET AL.,** | ) | Chief United States District Judge |
| | ) | |
| Defendants. | ) | |

*Carl E. McAfee, Norton, Virginia, for Plaintiff; Erin S. Downs, Jones, King and Downs, P.C., Bristol, Tennessee, for Defendants.*

In this action removed from state court, the defendants Sarah D. Clark, Steffony M. Kannon, Nathan L. Davis, and Emmanuel Jason Davis have moved to dismiss the claim of fraud by the plaintiff in this civil action on the ground that the fraud has not been pleaded with particularity. *See* Fed. R. Civ. P. 9(b).

The plaintiff, Mary Hampton Davis, is the widow of Gregory Davis, father of the above defendants. Gregory died on November 9, 2005, of cancer. Mary alleges that prior to Gregory's death, while he was "critically ill" and "heavily medicated" (Compl. ¶ 9) and "incapable of making any rational decisions" (*Id.* ¶ 11), the defendant children procured a signed change of beneficiary form from Gregory,

changing his life insurance beneficiary from Mary to the children. The change of beneficiary form is dated November 7, 2005, and was allegedly mailed to the life insurance company the next day, the day before Gregory's death. The plaintiff also alleges that the defendant children similarly attempted to obtain a transfer of Gregory's 401-k funds from his employer.

The plaintiff contends that these beneficiary changes were obtained "though fraud and misrepresentation, and more particularly at a time when the decedent . . . was incapable of rendering any rational decision respecting his financial affairs or other matters." (*Id.* ¶.) The plaintiff seeks a declaration by the court that she is entitled to the life insurance and 401-k proceeds because Gregory was incapable of making any change in beneficiary.

Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard in cases of fraud: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). This means that "the time, place, and contents of the false representations, as well as the identity of the person making the representations" must be stated. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (quoting 5 Charles Alan Wright and Arthur R. Miller, *Federal Practice & Procedure: Civil* § 1297, at 590 (2d ed. 1990)).

While the circumstances alleged to have been fraudulent may have been more artfully stated in the complaint, it is a reasonable inference from the existing allegations that the plaintiff contends that the defendants falsely represented to the insurance company and the employer shortly before Gregory Davis' death that he intended to change his beneficiary. These allegations meet the standard required by the rules.

For these reasons, it is **ORDERED** that the Motion to Dismiss is DENIED.

ENTER: June 9, 2006

/s/ JAMES P. JONES
Chief United States District Judge